UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD E. STAHL and LORI STAHL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:06CV0865 AGF |
| ) | |
| BAXTER HEALTHCARE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant Dynamold Solvents, Inc., ("Dynamold") for summary judgment on the claims filed by Plaintiffs Donald Stahl and his wife, Lori Stahl.[1] For the reasons set forth below, this motion shall be granted.

## BACKGROUND

In this toxic tort case, Plaintiffs Donald and Lori Stahl allege that over the course of Mr. Stahl's employment, he was exposed to various solvents and other chemical

---

[1] This case was originally filed by two sets of Plaintiffs: (1) Donald E. Stahl and his wife Lori Stahl, and (2) Jackie Whitehead and his wife, Linda Whitehead. The case arose out of the alleged exposure to toxic chemicals by Donald Stahl and Jackie Whitehead during their earlier employment. On motion of the parties, however, the claims of the Whitehead Plaintiffs were severed for separate trial. The instant motion for summary judgment was filed while the claims of all Plaintiffs were still joined, and the bulk of both the motion and the response pertains to the claims of the Whitehead Plaintiffs. By separate Order of the Court, following the severance of the claims of the Whitehead Plaintiffs for separate trial, the motion of Defendant Dynamold directed to the claims of the Whitehead Plaintiffs has been re-filed in that case. The instant Memorandum and Order relates solely to the motion for summary judgment with regard to the claims of the Stahl Plaintiffs.

compounds manufactured, sold, and/or distributed by the 14 named Defendants in the case, including Dynamold, causing him to develop non-hodgkins lymphoma. Mr. Stahl asserts in his pleadings that he worked at McDonnell Douglas Corporation ("McDonnell Douglas") in St. Louis, Missouri, from 1986 to 1992. Although discovery in this case has been stayed pending resolution of State Secrets issues asserted by the United States, Dynamold argues that it is nonetheless entitled to summary judgment because Mr. Stahl's employment with McDonnell Douglas ended prior to the date when Dynamold first shipped any product to McDonnell Douglas.

In support of its motion for summary judgment, Dynamold provides the affidavit and supplemental affidavit of James McKinney, Dynamold's President since February 1999 and employee since April 1996. Mr. McKinney attests that he searched Dynamold's records and that based upon these business records, Dynamold made its first sale of a product to McDonnell Douglas "on or about" March 9, 1993. (Doc. #193-4, Doc. #196-2.) Attached to the supplemental affidavit are invoices from Dynamold to McDonnell Douglas, which Mr. McKinney attests are for all Dynamold sales to McDonnell Douglas through December 1997, except for Invoice No. 100477 for a sale on March 28, 1996, which Mr. McKinney attests he was unable to find. Mr. McKinney attests that these invoices are records of the regularly-conducted business of Dynamold, that they were made "at or near the time information relating to such sales was received or generated by a Dynamold employee with knowledge of the sale," and that they were kept in the course of Dynamold's regularly conducted business. (Doc. #196-2.) The

earliest invoice attached to the supplemental affidavit is dated March 9, 1993.  (Doc. #196-3 at 1.)[2]

Based on this evidence, Dynamold claims that it is undisputed that Dynamold could not have sold or distributed any of the solvents that Mr. Stahl worked with or was exposed to.  In opposition to Dynamold's motion for summary judgment, Plaintiffs essentially argue that the evidence submitted by Dynamold constitutes inadmissible hearsay, and that Mr. McKinney lacks the necessary first-hand knowledge to attest to these facts, because he was not employed with McDonnell Douglas until after the time period in question.  Plaintiffs also argue that they would be prejudiced if Dynamold were to be granted summary judgment at this stage of the proceedings, before discovery has really begun.

## DISCUSSION

### Summary Judgment Standard

"Rule 56(c) [of the Federal Rules of Civil Procedure] 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"

---

[2] Inasmuch as the supplemental affidavit and the invoices themselves were filed in connection with Dynamold's Reply Memorandum, Dynamold noted that it had no objection should Plaintiffs want additional time to respond to the content of Exhibit 4 (supplemental affidavit) or Exhibit 5 (invoices) to the Reply Memorandum.  No further response was filed, however, by the Stahl Plaintiffs to Dynamold's motion for summary judgment.

Erenberg v. Methodist Hosp., 357 F.3d 787, 791 (8th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  An issue of material fact is genuine if it has a real basis in the record; and a genuine issue of fact is material if it "might affect the outcome of the suit under the governing law."  Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992) (citations omitted).  In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

To defeat a motion for summary judgment, the non-moving party "must demonstrate that at trial it may be able to put on admissible evidence proving its allegations."  JRT, Inc. v. TCBY Sys., Inc., 52 F.3d 734, 737 (8th Cir. 1995).  Consistent with Rule 56(e)'s requirement that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein[,]" hearsay is given no effect in considering motions for summary judgment.  Erickson v. Farmland Indus., Inc., 271 F.3d 718, 728 (8th Cir. 2001).

**No Genuine Issue of Material Fact**

Dynamold correctly asserts, and the Stahl Plaintiffs do not contest, that for the Stahl Plaintiffs to recover on any of their claims against Dynamold, Mr. Stahl must have used or been exposed to Dynamold's product, and must have been damaged as a result of a defect in the product or a failure to warn.  See Tenbarge v. Ames Taping Tool Sys.,

Inc., 190 F.3d 862, 866 (8th Cir. 1999); Ware v. Whiting Corp., No. 4:05CV01332 AGF, 2007 WL 2409751, at *4 (E.D. Mo. Aug. 20, 2007). Dynamold asserts that it is entitled to judgment as a matter of law because the undisputed facts demonstrate that Mr. Stahl had already ended his employment with McDonnell Douglas prior to the earliest date that Dynamold began to supply any product to his employer. As raised by Dynamold, therefore, there are but two issues critical to the motion for summary judgment: the last date when Mr. Stahl was employed by McDonnell Douglas and the first date when Dynamold supplied any product to McDonnell Douglas.

There is no legitimate dispute as to the first issue. Plaintiffs admit in their pleadings that Mr. Stahl was employed at McDonnell Douglas from 1986 to 1992. Further, in its Statement of Uncontested Material Facts, Dynamold plainly alleged, "Plaintiff Donald Stahl worked at McDonnell Douglas Corporation from 1986 to 1992." (Doc. #193, ¶ 1). Plaintiffs made no response whatsoever to this assertion in its response to Defendant's summary judgment filings – responding only to Dynamold's evidence as to the dates when it supplied products. This Court's local rules specifically require a party moving for summary judgment to file a statement of material facts, and further provide that "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D. Mo. L.R. 7-4.01(E). As such, it is undisputed that Mr. Stahl last worked at McDonnell Douglas in 1992.

Plaintiffs have also failed to raise any dispute with regard to the earliest date when

Dynamold supplied product to McDonnell Douglas. The Court disagrees that the affidavits filed by Dynamold are inadmissible from an evidentiary standpoint. The invoices of Dynamold are admissible as evidence of the dates when Dynamold did – and did not – supply product to McDonnell Douglas under the business records exceptions to the hearsay rule. Fed. R. Evid. 803(6) and (7). See Gov't of Virgin Islands v. Henry, 232 Fed. Appx. 170, 174-75, 2007 WL 1411746 (3d Cir. 2007) (finding that certification by records custodian that the defendant never had a license was sufficient to establish that defendant was not authorized to possess weapons). Those records have been properly certified and authenticated by Mr. McKinney for admission under Federal Rule of Evidence 902(11).

Further, Mr. McKinney qualifies as a proper custodian under Rules 803(6) and 902(11). That he first began his employment after the dates in question does not disqualify him as a proper custodian under the Federal Rules of Evidence, and Plaintiffs cite no case law stating otherwise. See United States v. Adefehinti, 510 F.3d 319, 325-26 (D.C. Cir. 2007) (collecting cases); Thanongsinh v. Bd. of Educ., 462 F.3d 762, 776-77 (7th Cir. 2006) (holding, "[t]he custodian of the records need not be in control of or have individual knowledge of the particular corporate records, but need only be familiar with the company's recordkeeping practices") (citation omitted); DirectTV, Inc. v. Reyes, No. 03 C 8056, 2006 WL 533364, at *9 (N.D. Ill. March 1, 2006) (holding that employee who was not employed by company at the time account information was entered into the company's computer could authenticate computer printouts of account information,

because she had knowledge of the procedures by which the computerized records were created and maintained). This, in turn, is sufficient to meet the requirements of Rule 56(e), Fed. R. Civ. P. See Article II Gun Shop, Inc. v. Gonzales, 441 F.3d 492, 495-96 (7th Cir. 2006) (finding records and reports sufficient with respect to Rule 56(e), where the documents were authenticated by and attached to an affidavit and the affiant was a person through whom the exhibits could be admitted into evidence).

While Plaintiffs suggest that it would be unfair to grant summary judgment without permitting them to engage in full discovery, the Court notes that Plaintiffs have not filed a motion under Rule 56(f), Fed. R. Civ. P., nor have they suggested, in any manner, what evidence they might hope to acquire through discovery that could raise a material issue of fact with regard to Dynamold's liability. "Rule 56 of the Federal Rules of Civil Procedure . . . does not require trial courts to allow parties to conduct discovery before entering summary judgment." U.S. through Small Bus. Admin. v. Light, 766 F.2d 394, 397 (8th Cir. 1985). Where, as here, Plaintiffs appear to have no evidence, whatsoever, to suggest that Dynamold provided any product to McDonnell Douglas prior to the date Mr. Stahl ended his employment, the Court does not find it unfair to grant summary judgment to Dynamold. To the contrary, it would be unfair to require Dynamold to remain in what promises to be protracted and expensive proceedings in the face of the undisputed evidence presented.

## **CONCLUSION**

The Court finds that Dynamold is entitled to summary judgment in light of the

undisputed fact that Dynamold did not begin to supply product to McDonnell Douglas until after Mr. Stahl had already terminated his employment. As such, Dynamold has established that no genuine issue of material fact exists as to whether Mr. Stahl was exposed to hazardous products manufactured, sold, and/or distributed by Dynamold, in the manner asserted in Plaintiffs' complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Dynamold Solvents, Inc., for summary judgment is **GRANTED**. [Doc. #191]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2008.